CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
Aug. 1, 2016
JULIA C. DUDLEY, CLERK
BY: A. Melvin
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHARLES EDWARD KNAPP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 7:15–CV–348 |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Charles Edward Knapp ("Knapp") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for supplemental security income ("SSI"), and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401-433, 1381-1383f. Specifically, Knapp alleges that the ALJ (1) improperly afforded less weight to the opinion of his treating physician and (2) erroneously found his testimony to be less than credible. I find that the ALJ failed to provide a sufficient explanation for the weight given to the treating physician's opinion. As such, I **RECOMMEND** that Knapp's motion for summary judgment (Dkt. No. 15) be **GRANTED in part**, the Commissioner's motion for summary judgment (Dkt. No 19) be **DENIED**, and that the case be **REMANDED** for further consideration by the ALJ.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Knapp failed to demonstrate that he was disabled

1

under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Knapp applied for SSI and DIB on February 21, 2012, claiming that his disability began on September 15, 2010.[2] The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 77–102, 105–24. On October 31, 2013, ALJ Steven A. DeMonbreum held a hearing to consider Knapp's disability claim. R. 29–76. Knapp was represented by an attorney at the hearing, which included testimony from Knapp and vocational expert Ashley Wells. Id.

On December 23, 2013, the ALJ entered his decision analyzing Knapp's claim under the familiar five-step process,[3] and denying Knapp's claim for benefits. R. 11–22. The ALJ found

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] Knapp's date last insured was December 31, 2013. R. 237. Thus, he must show that his disability began before that date and existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner

2

that Knapp suffered from the severe impairments of fibromyalgia, osteoarthritis, gout/gouty arthritis in the knees, ankles, and feet, obesity, hypertension, chronic obstructive pulmonary disease (COPD), asthma, history of cervical strain, and diabetes. R. 13–14. The ALJ found that these impairments did not meet or medically equal a listed impairment (R. 15) and further found that Knapp had the residual function capacity ("RFC") to perform light work. R. 16. Specifically, the ALJ found that Knapp could occasionally operate foot controls with both lower extremities; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; frequently balance and occasionally kneel, stoop, bend, crouch, and crawl; that he should avoid all exposure to temperature extremes and humidity, as well as dust, fumes, odors, chemicals, and gases; and that he should avoid all exposure to vibrations and to hazards such as moving machinery and unprotected heights. Id. The ALJ determined that Knapp could return to his past relevant work as a retail manager and insurance agent (R. 21) and that he could also work at other jobs that exist in significant numbers in the national economy, such as cafeteria attendant and sales attendant. R. 22. Thus, the ALJ concluded that he was not disabled. On May 8, 2015, the Appeals Council denied Knapp's request for review (R. 1–5), and this appeal followed.

## ANALYSIS

Knapp alleges that the ALJ erred by failing to properly evaluate and explain the weight he gave to the opinion of Knapp's treating physician, Robert C. Patten, Jr., M.D. and that the ALJ improperly found Knapp to be less than credible in his complaints of pain and its limiting effect on his abilities.

---

at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

**Treating Physician's Opinion**

Knapp asserts that the ALJ erred by giving "very limited weight" to the opinion of his treating physician, Dr. Patten, who submitted a letter explaining Knapp's diagnoses and his resulting physical limitations. R. 740–41. The October 29, 2013 letter states that Knapp suffers from "extensive osteoarthritis and fibromyalgia" and that he experiences pain in most of his joints, but specifically in his knees, hips, feet, wrists, and hands. R. 740. Dr. Patten concludes that Knapp is unable to maintain employment, sit, walk, or "do any type of repetitive motion on a regular basis" due to his pain and discomfort and that his pain makes concentration difficult. Id. Dr. Patten also wrote that Knapp's condition is chronic and will likely not improve with time. Id. The ALJ gave "very limited weight" to Dr. Patten's opinions because his conclusions were "inconsistent with [his] own clinical findings and unsupported by the medical evidence of the record as a whole including Dr. Humphries' consultative examination report, the state agency consultants' assessments, and the claimant's activities of daily living." R. 20. The ALJ's accompanying explanation for this decision found the opinions "inconsistent with his own clinical findings (e.g. virtually unremarkable physical examinations revealing clear lungs, benign extremities, etc.) as well as failing to correlate functionally with other clinical findings in the record including Dr. Humphries and the State agency consultants." Id. Though the ALJ references general exhibits or reports that may substantiate his findings, he omits from his analysis any specific reasons why or how the evidence in the record contradicts Dr. Patten's opinion. Knapp argues that the ALJ committed error because he did not specifically state what evidence in the record contradicts Dr. Patten's opinions in violation of SSR 96-2p. Pl.'s Br. Summ. J., 19–20.

4

While a treating physician's opinion is not automatically entitled to controlling weight, the Social Security regulations require that an ALJ give such an opinion controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). The ALJ must give "good reasons" for not affording controlling weight to a treating physician's opinion. The Fourth Circuit recently reiterated in Monroe v. Colvin, that an ALJ's failure to "'build an accurate and logical bridge from the evidence to his conclusion'" is grounds for remand. Monroe, 2016 WL 3349355, at *10 (4th Cir. Jun. 16, 2016). The failure of an ALJ to specify what treatment history or evidence does not support a particular opinion means "the analysis is incomplete and precludes meaningful review." Id. at *11. Monroe confirms the ALJ's obligation to explain his conclusions and point to the record evidence to support those conclusions. Only then can a court engage in a meaningful review to determine whether substantial evidence supports the ALJ's decision.

First, as to Dr. Patten's opinion and its consistency with his clinical findings, the ALJ recounts in detail Knapp's medical records, including information that both supports and rebuts Knapp's claim that he is disabled. For example, the ALJ notes that Dr. Patten diagnosed hypertension, diabetes mellitus, anxiety state, gout, fibromyalgia, and osteoarthritis (R. 19), all of which may tend to support Dr. Patten's opinion that Knapp's complaints of pain were genuine, that he needed a cane to walk, that his pain would cause frequent interruptions in concentration, that his symptoms would require missing work, and that he would need time for breaks at work beyond those normally given in a workday to elevate his lower extremities and rest. R. 741. In the same paragraph of his opinion, the ALJ notes Dr. Patten's clinical findings of "negative ENT and heart, clear lungs, and benign extremities with no edema" (R. 19, citing R. 652–57) and his

5

"virtually unremarkable" findings that Knapp had "obesity and scattered rhonchi due to bronchitis, but negative ENT, supple neck, no lung rales or wheezing, regular heart, and benign A/P." R. 19, citing R. 662–65. However, in the section of the opinion explaining the weight given to Dr. Patten's opinion, the ALJ makes conclusory statements that Dr. Patten's conclusions are not supported by his own clinical findings without pointing to which clinical findings do not support the opinion. Monroe requires that, to the extent the ALJ determines that Dr. Patten's findings are benign or otherwise normal and thus, inconsistent with the limitations described, the ALJ must identify those findings and analyze how the conclusion of disabling limitations is inconsistent with those findings. Pointing to "unremarkable" findings from a particular doctor's visit (such as a negative ENT or a supple neck) does not, without more pointed analysis, mean that Dr. Patten's opinion is unsupported by his clinical findings when his clinical findings also include diagnoses and records that would tend to support his opinion.

Second, the ALJ discredits Dr. Patten's opinion because it is inconsistent with the conclusions reached by the consultative examiner and the state agency physicians. Again, however, the ALJ fails to specifically analyze how Dr. Patten's opinion is inconsistent with the other medical opinions or why these differences mean Dr. Patten's opinion is entitled to very little weight.

On July 24, 2012, state agency physician Michael Hartman, M.D., evaluated Knapp's records and concluded that Knapp suffered from the severe impairments of fibromyalgia, osteoarthrosis, and obesity and the non-severe impairments of diabetes, disorders of the respiratory system, hernias, hypertension, and disorders of muscle, ligament, and fascia. R. 77–88. Based on his evaluation, Dr. Hartman determined that Knapp could sit, stand, and walk for six hours of an eight-hour day, and lift twenty pounds occasionally and ten pounds frequently.

6

R. 84. He was limited to occasional climbing, no kneeling or crawling, and had no restrictions in stooping or crouching. Id. Dr. Hartman also concluded that Knapp could not perform repetitive foot controls and that he should avoid heights, hazards, and fumes. Id. Dr. Hartman thus concluded that Knapp was not disabled. R. 88.

On December 7, 2012, state agency physician Richard Surrusco, M.D., evaluated Knapp's records at the reconsideration level. R. 105–14. Dr. Surrusco also concluded that Knapp suffered from the severe impairments of fibromyalgia, osteoarthrosis, and obesity and the non-severe impairments of diabetes, disorders of the respiratory system, hernias, hypertension, and disorders of the muscle, ligament, and fascia. R. 109. Dr. Surrusco determined that Knapp could sit, stand, or walk for six hours of an eight-hour day, occasionally lift twenty pounds, frequently lift ten pounds, and that he could occasionally climb ramps and stairs, stoop, crouch, and crawl. R. 111. Knapp could not operate repetitive foot controls, but could do so occasionally. Id. Dr. Surrusco determined that Knapp could return to his past work as a store manager and sales agent and thus concluded that Knapp was not disabled. R. 113.

Consultative examiner William Humphries, M.D., evaluated Knapp on July 13, 2012 and diagnosed obesity, hypertension, fibromyalgia by history, gouty arthritis, dyspnea, abnormal glucose metabolism, and chronic cervical strain. R. 628. Dr. Humphries noted that Knapp's neck and back were slightly tender to palpation, but that he had no scoliosis or spasm. R. 627. His upper extremity joints were tender to palpation in the right elbow and both hands and his lower extremity joints were tender on both knees, his right ankle, and both feet. R. 628. Knapp had mild sensory loss to light touch in both palms, 4.5/5 grip bilaterally, and no tremors or thenar or hypothenar atrophy. Id. He performed the finger to nose test adequately and his fine manipulation was adequate. Id. His lungs were clear, vision was normal, and his heart had a

7

regular rhythm. Id. Knapp's gait was mildly antalgic on the right side and there was give away on the heel-toe walking attempt. Id. Based on this examination, Dr. Humphries concluded that Knapp could sit, stand, and walk six of eight hours in a day, and could occasionally lift twenty pounds and frequently lift ten pounds. R. 629. Knapp was limited to occasional climbing and no kneeling or crawling. Id. Dr. Humphries concluded that Knapp had no limitations in stooping or crouching but that he could not perform work involving repetitive foot controls, and was thus not disabled. Id.

In his analysis of these four medical opinions, the ALJ afforded "some weight" to the state agency physicians' opinions and to Dr. Humphries's opinion "to the extent of the residual functional capacity assessment herein." R. 19, 20.[4] He assigned "very little weight" to Dr. Patten's opinions because they "fail[ed] to correlate functionally with other clinical findings in the record including Dr. Humphries and the State agency consultants." Id. This analysis is essentially no analysis at all. It is simply a tallying of the votes cast by the medical professionals who evaluated Knapp or his records and an assignment of victory to the side with the most votes. In discrediting Dr. Patten's opinion, the ALJ's opinion fails to cite how the opinion is inconsistent with the other opinions and analyze why he gave more weight to the opinions of the agency physicians over the opinion of Knapp's treating physician. Simply noting that Dr. Patten's opinion "fail[ed] to correlate functionally" with the other opinions in the record does not automatically discredit Dr. Patten. More importantly, the ALJ did not analyze whether Dr. Patten's opinion was supported by clinical and diagnostic techniques or whether it was consistent

---

[4] This order of things (i.e., evaluating the medical opinions in light of the previously assigned RFC) essentially commits the same error the Fourth Circuit identified in Mascio and Monroe in that it "gets things backwards" (Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015)) by comparing the medical opinion evidence to the RFC, when the RFC should be "an assessment . . . based on all of the relevant evidence in the case record." SSR 96-8; see also Monroe, 2016 WL 3349355, at *9, n. 12. On remand, I recommend the ALJ revisit the weights assigned to all of the medical opinion evidence and his reasoning for assigning such weights.

8

with other substantial evidence in the record as required by 20 C.F.R. § 416.927(c)(2). The ALJ must explain why and how the other medical opinions and medical evidence in the record caused him to doubt the validity of Dr. Patten's opinion. Without this analysis, I am left to mine the record for facts to support the ALJ's conclusions and essentially fill in the blanks the ALJ left in his analysis. This I cannot do. The record may well contain evidence to support the ALJ's conclusions, but it is the responsibility of the ALJ to set out that evidence (with an adequate explanation) in his opinion. Monroe makes clear that it is not the court's role to scour the record for evidence to support the ALJ's conclusions.

Accordingly, I **RECOMMEND** this case be remanded for further consideration of the ALJ's opinion consistent with this recommendation.

## RECOMMENDED DISPOSITION

For the reasons set forth above, it is recommended that Knapp's motion for summary judgment be **GRANTED in part**, the Commissioner's motion for summary judgment be **DENIED**, and that the case be **REMANDED** for further consideration by the ALJ.[5]

The clerk is directed to transmit the record in this case to the Honorable Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual

---

[5] Knapp also raised an argument that the ALJ erred in finding him less than credible regarding his subjective complaints of pain and physical limitations. On remand, it is recommended that the ALJ also revisit this part of his opinion in light of the Monroe decision.

recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

        Entered: August 1, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge